**DECLARATION OF SARAH B. ROGERS IN SUPPORT OF THE NATIONAL RIFLE ASSOCIATION'S MOTION TO TRANSFER CASES FOR CONSOLIDATED PRE-TRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

I, Sarah B. Rogers, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am over twenty-one years of age, and fully competent to make this declaration. I am a partner with the law firm of Brewer, Attorneys & Counselors ("BAC"), 750 Lexington Avenue, 14th Floor, New York, New York 10022. I am counsel for the National Rifle Association of America (the "NRA") in the matters captioned People v. Nat'l Rifle Ass'n of Am., et al., Index No. 451625/2020 (Sup. Ct. N.Y. Cnty.) (the "NYAG State Action") and Nat'l Rifle Ass'n of Am. v. James, Civ. No. 1:20-cv-00889 (N.D.N.Y.) (the "NYAG Federal Action" and, collectively with the NYAG State Action, the "NYAG Litigation"). I respectfully submit this declaration in support of the NRA's Motion to Transfer Cases for Consolidated Pre-Trial Proceedings Pursuant to 28 U.S.C. § 1407 (the "Consolidation Motion"). Unless otherwise stated, I have personal knowledge of all matters stated herein.

2. In addition to the NYAG Litigation, BAC represents the NRA in the matters captioned Nat'l Rifle Ass'n of Am. v. Ackerman McQueen, Inc., et al., Civ. Case No. 3-19-cv-02074-G (N.D. Tex.) (the "Ackerman Litigation"), and Dell'Aquila v. LaPierre et al., Civ. Case No. 3:19-cv-00679 (M.D. Tn.) (the "Dell'Aquila Litigation"), and represents Grant Stinchfield in Ackerman McQueen, Inc. v. Grant Stinchfield, Civ. Case No. 3:19-cv-03016-X (N.D. Tex.) (the "Stinchfield Litigation" and, collectively with the Ackerman Litigation and the Dell'Aquila Litigation, the "Other NRA-Related Federal Actions").

3. Attached as Exhibit A hereto is true and correct copy of the Amended Verified Complaint filed August 10, 2020, in the NYAG State Action, which is the operative pleading setting forth the government's claims therein.

4. Attached hereto as Exhibit B is a true and correct copy of the Amended Complaint filed October 09, 2020, in the NYAG Federal Action, which is the operative pleading setting forth the NRA's claims therein.

5. Attached hereto as Exhibit C is a true and correct copy of the current docket summary for the NYAG State Action, generated via NYSCEF. Attached hereto as Exhibit D is a true and correct copy of the docket summary for the NYAG Federal Action, generated via PACER/ECF.

6. Significant issues of fact in the NYAG Litigation include: the NRA's dealings with its former public relations agency, Ackerman McQueen, Inc. ("Ackerman");[1] including knowledge and intent on the part of NRA executives regarding Ackerman's activities and billing;[2] the NRA's stewardship of its finances;[3] the veracity of allegations of misspending by former NRA fiduciaries, including Lt. Col. Oliver North;[4] and, fees incurred by other NRA vendors and professionals.[5]

7. During 2019-2020, before the commencement of the NYAG Litigation, the New York State Office of the Attorney General (the "NYAG") issued multiple document subpoenas to

---

[1] *See* Ex. B ¶¶ 15, 22; Ex. A ¶¶ 183, 208-215 (regarding an aborted real-estate purchase in Dallas, Texas allegedly orchestrated by or through Ackerman), 249, 266, 297-326.

[2] *See* Ex. B ¶ 15; Ex. A ¶¶ 325, 318-321 (alleging that expenses incurred by Ackerman and its subsidiary, Mercury Group, Inc., were "direct[ed]" or requested by NRA CEO Wayne LaPierre).

[3] *See* Ex. A ¶ 558.

[4] *See* Ex. A ¶¶ 444-471 (North is identified as "Dissident No. 1").

[5] *See* Ex. A ¶¶ 454, 457.

the NRA. Documents produced by the NRA in response to those subpoenas are cited by the NYAG in the NYAG State Action, and it is my expectation that they will constitute (albeit only a portion of) relevant discovery in the NYAG Litigation. Such documents are voluminous, exceeding 88,000 pages. It is my expectation that significant additional discovery will take place as the NYAG Litigation proceeds. Among other things, the 88,000+ documents produced to date fail to encompass any discovery conducted by, or for the benefit of, the NRA. The NRA has identified numerous third parties likely to possess documents and knowledge relevant to the NYAG Litigation. A list of these potential witnesses appears in the first column of Exhibit E to this declaration (discussed below).

8. Discovery in the NYAG Litigation is expected to overlap considerably with discovery in the Other NRA-Related Federal Actions. Indeed, during the NYAG investigation that preceded the NYAG Litigation, this overlap frequently created complications, since documents responsive to NYAG subpoenas were subject to protective orders in the Ackerman litigation or related, predecessor state-court litigation.

9. Attached as Exhibit E to this declaration is a chart that identifies witnesses likely to possess documents or knowledge relevant to the NYAG Litigation, the Ackerman Litigation, the Dell'Aquila Litigation and/or the Stinchfield Litigation. The chart also indicates a location for each witness, as determined by BAC based on available records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of October 2020 in New York, New York.

/s/ *Sarah B. Rogers*
Sarah B. Rogers